# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ANTHONY COSBY,**
**Claimant Below, Petitioner**

**FILED**
**November 15, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-9**          (BOR Appeal No. 2057963)
                            (JCN: 2019006544)

**CAPITOL BEVERAGE COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Anthony Cosby appeals the July 7, 2022, Order of the Workers' Compensation Board of Review ("Board"). Respondent Capitol Beverage Company filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in affirming the claim administrator's order denying petitioner additional workers' compensation temporary total disability benefits ("TTD").

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was injured on September 18, 2018, while working for respondent. Subsequently, his injury, a quadricep tendon rupture, was found compensable, and the surgery to repair his injury was authorized. On December 7, 2018, petitioner was seen by Dr. Clark D. Adkins, who stated that petitioner needed physical therapy and could not return to an active job because his quadricep was not strong enough. Dr. Adkins indicated that petitioner could return to work on January 7, 2019, on modified duty. On February 14, 2019, petitioner was seen by Dr. Adkins, who indicated that petitioner had lost his job and was searching for a new one. Dr. Adkins stated that petitioner was doing well, but still experiencing some weakness. On April 29, 2019, petitioner was seen by Dr. Adkins, who found that petitioner was doing well with only mild weakness and that petitioner had no restrictions to his activity level.

---

[1] Petitioner is represented by Patrick K. Maroney, Esq. Respondent is represented by Jeffrey M. Carder, Esq.

On March 12, 2019, the claim administrator issued an order denying petitioner TTD benefits and closing the claim. Petitioner protested this order. On December 29, 2020, the Office of Judges reversed the claim administrator's order and granted petitioner TTD benefits from September 18, 2018, to December 20, 2018. The Office of Judges found no evidence that petitioner had been unable to work due to his injury beyond December 20, 2018. Petitioner did not appeal that order.

On April 23, 2021, petitioner filed a request for additional TTD benefits. On April 30, 2021, the claim administrator issued an order denying this request. The claim administrator noted that the Office of Judges had reviewed the same medical records in the prior appeal and found that petitioner was only entitled to TTD benefits until December 20, 2018. Petitioner protested this order and submitted in support of his protest his October 14, 2021, deposition transcript. Petitioner stated in his deposition that he did not return to work until April 2019, and he had not been physically capable of returning to work at that time due to his injury. He submitted no further medical records to support his claim.

On February 8, 2022, the Office of Judges affirmed the claim administrator's April 30, 2021, order on the basis that petitioner's medical records do not support that he was temporarily and totally disabled beyond December 20, 2018. On July 7, 2022, the Board of Review affirmed this order and adopted the Office of Judges' findings of fact and conclusions of law.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, petitioner argues that he had not been deemed by any physician to be at maximum medical improvement, had not been released to return to work, nor returned to

work until February 14, 2019; as such, he asserts that his TTD benefits should have continued until February 14, 2019.

West Virginia Code § 23-4-7a (2005) provides that the claimant must submit medical evidence that he or she is unable to return to employment because of the compensable injury or disease. Further, the statute provides that no TTD benefits will be paid after the claimant has reached his or her maximum degree of medical improvement, is released to work, or has returned to work, whichever occurs first.

Here, the Board did not err in finding that the medical records submitted by petitioner do not establish that petitioner was temporarily and totally disabled after December 20, 2018. Rather, the medical records from Dr. Adkins dated February 14, 2019, indicated that petitioner did not have a job to which to return. Dr. Adkins did not express an opinion on whether petitioner was still temporarily and totally disabled. The medical record from Dr. Adkins dated April 29, 2019, similarly failed to address petitioner's ability to perform his duties for the time period between December 20, 2018, and February 14, 2019, when petitioner did return to work. As such, the Board did not err in finding that petitioner failed to submit medical evidence to support his claim.

Accordingly, we affirm.

Affirmed.

**ISSUED:** November 15, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

3